JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 800
Los Angeles, California 90064
Telephone:   (323) 979-2063
Facsimile:   (323) 488-6748

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### Eastern Division

| | |
|---|---|
| SAMANTHA WATERS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>HERBERT P. SEARS, CO., INC. d/b/a HP SEARS and JOHN DOES 1-25,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* and the Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code § 1788 *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff  Samantha Waters ("Plaintiff" or "Waters"), a California resident, brings this Class Action Complaint by and through her attorneys, The Law Offices of Jonathan A. Stieglitz, against Defendant Herbert P. Sears Co., Inc. d/b/a HP Sears ("Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION / PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws … [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* §1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* §1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* §1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et seq*. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as this is where a substantial part of the events or omissions giving rise to the claim occurred.

5. **NATURE OF THE ACTION**

6. Plaintiff brings this class action on behalf of a class of California consumers under 15 U.S.C. § 1692 *et seq*., commonly known as the Fair Debt Collections Practices Act ("FDCPA"); and

7. Plaintiff is seeking damages and declaratory relief.

**PARTIES**

8. Plaintiff is a resident of the State of California, County of San Bernardino, residing at 2615 W 2nd Street, Apt. 1, San Bernardino, CA 92410.

9. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with an address at 2000 18th Street, Bakersfield, CA 93301.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

12. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The class consists of:

    a. all individuals with addresses in the State of California;

    b. to whom Defendant sent a collection letter attempting to collect a consumer debt;

    c. without including an appropriate disclosure that interest, fees and costs are continuously accruing, or in the alternative, the creditor and/or Defendant has made the decision to waive accruing interest and fees, and would accept the amount stated on the collection letter as payment in full;

    d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members.  The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit "A", violates 15 U.S.C. §§ 1692e and 1692f.

17. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.  The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this Complaint.  The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit "A" violate 15 U.S.C. §1692e and §1692.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority**:  A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

22. Some time prior to July 10, 2017, an obligation was allegedly incurred to UEI College (hereinafter "UEI").

23. The UEI obligation arose out of a transaction involving the Plaintiff's procurement of educational training, the subject transactions of which were primarily for personal, family or household purposes.

24. The alleged UEI obligation is a "debt" as defined by 15 U.S.C. 1692a(5).

25. UEI is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26. UEI contracted the Defendant to collect the alleged debt.

27. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – July 10, 2017 Collection Letter*

28. On or about July 10, 2017, Defendant sent Plaintiff an initial collection letter (the "Letter") regarding the alleged debt owed to UEI. See July 10, 2017 collection letter attached hereto as Exhibit A.

29. In the top portion of the Letter Defendant states:

| | |
|---|---|
| Principal: | $5,887.20 |
| Interest: | $1,709.69 |
| TOTAL: | $7,596.89 |

30. The defendant is required to include a disclosure in its Letter that interest is accruing or, in the alternative, the creditor and/or Defendant has made the decision to waive the accruing interest.

31. "Absent fuller disclosure, an unsophisticated consumer may not understand how these fees are calculated, whether they may be disputed, or what

provision of the note gives rise to them. *Because the statement gives no indication as to what the unaccrued fees are or how they are calculated, she cannot deduce that information from the statement.*" <u>Carlin v. Davidson Fink LLP</u>, 852 F3d 207, 217 (2d Cir. 2017)(*emphasis added*.

32. Defendant's July 10, 2017 Collection Letter fails to conclusively state that interest, fees and costs are continuously accruing.

33. Defendant's July 10, 2017 Collection Letter fails to explicitly provide the basis for said interest, fees and costs.

34. Defendant's July 10, 2017 Collection Letter fails to state in what amount said interest is added onto the "Total Balance of $7,596.89" or the frequency thereof.

35. A consumer could read the July 10, 2017 Collection Letter and easily be misled into believing she could pay the debt in full at any time by paying the listed "Total: $7,596.89."

36. However, since contractual or statutory interest is automatically accruing, as well as potentially undisclosed fees, a consumer who pays the "Total $7,596.89." will be unaware as to whether or not the debt has been paid in full.

37. The July 10, 2017 Collection Letter uses language that is confusing to Plaintiff since it is unclear as to whether or not the account was actually, currently accruing interest.

38. Each and every aspect of this language confuses the consumer as to the amount of the debt and coerces payment from the consumer by making threats during the initial thirty-day period.

39. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e *et seq.*

40. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

41. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

42. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt.

43. Defendant violated said section by:

    a. As the Letter is open to more than one reasonable interpretation, at least one of which is inaccurate;

- 10 -

b.  By making a false and misleading representation in violation of

§1692e(10).

44. By reason thereof, Defendant is liable to Plaintiff for judgment that

Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual

damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f *et seq.*

45. Plaintiffs incorporate by reference all of the above paragraphs of this

Complaint as though fully state herein with the same force and effect as if

the same were set forth at length herein.

46. Defendant's debt collection efforts attempted and/or directed towards the

Plaintiff violated various provisions of the FDCPA, including but not

limited to 15 U.S.C. § 1692f.

47. Pursuant to 15 U.S.C.  §1692f, a debt collector may not use any unfair or

unconscionable means in connection with the collection of any debt.

48. Defendant violated this section by unfairly failing to disclose whether

interest was currently accruing on the amount of the debt, whether it was

regularly accruing and whether the consumer would be paying off the

balance in full if she paid the "Total" claimed due on the Letter.

- 11 -

49. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq*. of the FDCP, actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

50. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Samantha Waters, individually and on behalf of all others similarly situated demands judgment from Defendant Herbert P. Sears Co., Inc. d/b/a HP Sears as follows:

1.    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Jonathan A. Stieglitz, Esq. as Class Counsel;

2.    Awarding Plaintiff and the Class statutory damages;

3.    Awarding Plaintiff and the Class actual damages;

4.    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.    Awarding pre-judgment interest and post-judgment interest; and

6.    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  June 13, 2018

Respectfully Submitted,

THE LAW OFFICES OF
JONATHAN A. STIEGLITZ

By:     _____/s/ Jonathan A Stieglitz___
        Jonathan A Stieglitz